# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | ) |
| *Petitioners*, | ) |
| v. | ) |
| ENVIRONMENTAL PROTECTION AGENCY, et al., | ) |
| *Respondents*. | ) |
| NATIONAL COALITION FOR ADVANCED TRANSPORTATION, | ) |
| *Petitioner*, | ) |
| v. | ) Nos. 18-1114, 18-1118, 18-1139 |
| ENVIRONMENTAL PROTECTION AGENCY, | ) |
| *Respondent*. | ) |
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | ) |
| *Petitioners*, | ) |
| v. | ) |
| ENVIRONMENTAL PROTECTION AGENCY, | ) |
| *Respondent*. | ) |

## MOTION OF THE ALLIANCE OF AUTOMOBILE MANUFACTURERS TO INTERVENE IN SUPPORT OF RESPONDENTS

Pursuant to Federal Rule of Appellate Procedure 15(d) and Rule 15(b) of this Court, the Alliance of Automobile Manufacturers ("the Auto Alliance") respectfully moves for leave to intervene in the above-captioned proceedings. This motion is

1

timely because it is being filed within 30 days of the filing of the first petition for review in these proceedings. *See* Fed. R. App. P. 15(d).[1]

## I. Background

Petitioners seek review of developments in administrative proceedings at the U.S. Environmental Protection Agency ("EPA"). In 2012, EPA established motor vehicle greenhouse gas ("GHG") standards for passenger cars and light-duty trucks for model years ("MYs") 2017-2025. *See* 40 C.F.R. §86.1818-12.[2] At that time, the design and production of MY 2022-2025 cars and trucks lay far in the future. Accordingly, the 2012 regulation provided for a mid-term review of EPA's GHG standards for MYs 2022-2025, with that review to be completed by April 2018. *Id.* §86.1818-12(h).

EPA began its review of the MY 2022-2025 GHG standards in 2016. On December 6, 2016—about a month after the presidential election, and more than a

---

[1] A group of 17 States and the District of Columbia filed the first petition on May 1, in No. 18-1114; an industry association called the National Coalition for Advanced Transportation filed the second petition on May 3, in No. 18-1118; and a group of public advocacy organizations filed the third petition on May 15, in No. 18-1139.

[2] *2017 and Later Model Year Light-Duty Vehicle Greenhouse Gas Emissions and Corporate Average Fuel Economy Standards*, 77 Fed. Reg. 62,624 (Oct. 15, 2012). The National Highway Traffic Safety Administration ("NHTSA") regulates fuel consumption from new cars and trucks through Corporate Average Fuel Economy ("CAFE") standards. 49 U.S.C. §32092. Because the only method of reducing automotive GHG emissions to the levels set by EPA requires reductions in fuel consumption, EPA and NHTSA coordinated their rulemaking efforts to set GHG and CAFE standards.

2

year before it had to complete the review—EPA issued a "proposed determination" that the MY 2022-2025 GHG standards set in 2012 should remain in place and opened a 24-day period for public comment on that proposal.[3] In January 2017, eight days before the new Administration took office, EPA issued a "final determination" that the MY 2022-2025 standards established in 2012 remained appropriate in all respects and should not be revised.[4]

In March 2017, EPA published notice in the Federal Register of its intent to reconsider the January 2017 decision that the MY 2022-2025 GHG standards set in 2012 remained fully appropriate.[5] In August 2017, EPA announced a public hearing and opened a 45-day period for public comment on reconsideration of the MY 2022-2025 GHG standards.[6] EPA held the public hearing on September 6, 2017, and received more than 290,000 public comments.

---

[3] *Proposed Determination on the Appropriateness of the Model Year 2022-2025 Light-Duty Vehicle Greenhouse Gas Emissions Standards Under the Midterm Evaluation*, 81 Fed. Reg. 87,927 (Dec. 6, 2016).

[4] The January 2017 determination was not published in the Federal Register, but is available from the National Service Center for Environmental Publications and on the EPA website at https://www.epa.gov/regulations-emissions-vehicles-and-engines/midterm-evaluation-light-duty-vehicle-greenhouse-gas.

[5] *Notice of Intention to Reconsider the Final Determination of the Mid-Term Evaluation of Greenhouse Gas Emissions Standards for Model Year 2022-2025 Light Duty Vehicles*, 82 Fed. Reg. 14,671 (Mar. 22, 2017).

[6] *Public Hearing for Reconsideration of the Final Determination of the Mid-Term Evaluation of Greenhouse Gas Emissions Standards for Model Year 2022-2025 Light Duty Vehicles*, 82 Fed. Reg. 39,976 (Aug. 23, 2017).

On April 13, 2018, EPA published a notice in the Federal Register of a decision signed by the EPA Administrator on April 2, 2018, withdrawing the January 2017 decision to leave the MY 2022-2025 GHG standards in place.[7] EPA stated that a "significant record that has been developed since the January 2017 Determination" indicated that technological and economic assumptions or findings made in January 2017 "were optimistic or have significantly changed and thus no longer represent realistic assumptions." 83 Fed. Reg. 16,077-78. EPA announced that it would soon issue a notice of proposed rulemaking to establish revised GHG standards for MYs 2022-2025. EPA explained that the steps it was taking had no immediate effect on the GHG standards adopted in 2012; pending completion of the rulemaking it was announcing, "the current standards remain in effect and there is no change in the legal rights and obligations of any stakeholders." *Id.* at 16,087. As such, EPA explained that the decision it was announcing was "not a final agency action." *Id.* The effect of EPA's actions was to "initiate a rulemaking process." *Id.* Notwithstanding, petitioners have sought review in this Court, citing section 307(b)(1) of the Clean Air Act, 42 U.S.C. §7607(b)(1).

---

[7] *Mid-Term Evaluation of Greenhouse Gas Emissions Standards for Model Year 2022-2025 Light-Duty Vehicles*, 83 Fed. Reg. 16,077 (Apr. 13, 2018). April 2, 2018 was the first business day after the April 1, 2018 deadline specified in 40 C.F.R. §86.1818-12(h), which fell on a Sunday.

## II. Interest of the Moving Party and Grounds for Intervention

The Auto Alliance is a trade association representing 12 automobile manufacturers who collectively sell approximately 70 percent of the new cars and light trucks sold in the United States, many of which are produced in facilities located in this country in States and communities that depend on the automobile industry for economic prosperity.[8]

The Auto Alliance has a longstanding and obvious interest in GHG standards, and participated in the EPA rulemaking that produced the GHG standards that the Agency adopted in 2012. The Auto Alliance filed comments on EPA's "proposed determination" of December 2016, participated in the September 2017 public hearing, and filed additional technical comments and a statutory analysis in the rulemaking docket on the MY 2022-2025 GHG standards in October 2017.

In its October 2017 comments, the Auto Alliance urged reconsideration of the MY 2022-2025 GHG standards that EPA adopted in 2012, and explained why EPA should withdraw the January 2017 decision to prematurely terminate the Agency's review of the 2012 GHG standards. EPA's April 13 notice in the Federal Register

---

[8] The members of the Auto Alliance are the BMW Group, Fiat Chrysler Automobiles, Ford Motor Company, General Motors Company, Jaguar Land Rover, Mazda, Mercedes-Benz USA, Mitsubishi Motors, Porsche, Toyota, Volkswagen Group of America, and Volvo Car USA.

5

cited data and analysis provided in the Auto Alliance's October 2017 comments. *See* 83 Fed. Reg. at 16,079-85 & nn.15, 17, 24.

The relief sought by petitioners in these proceedings is unspecified, but any conceivable action this Court might take likely would affect the interests of the Auto Alliance and its members in EPA's effort to revise the MY 2022-2025 GHG standards adopted in October 2012. Because the members of the Auto Alliance would be directly affected by any decision to retain the current standards, or to delay or impede EPA's rulemaking efforts, the Auto Alliance should be permitted to intervene. *See Yakima Valley Cablevision, Inc. v. FCC*, 794 F.2d 737, 744-45 (D.C. Cir. 1986) (finding intervention under Rule 15(d) warranted for parties who are "directly affected" by the action under review); *see also, e.g.*, *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 518 (7th Cir. 2004) ("Persons whose legal interests are at stake are appropriate intervenors …."); *N.M. Dep't of Human Servs. v. HCFA*, 4 F.3d 882, 884 n.2 (10th Cir. 1993) ("substantial and unique interest in the outcome" warrants intervention); *Bales v. NLRB*, 914 F.2d 92, 94 (6th Cir. 1990) ("substantial interest" warrants intervention). The Auto Alliance's full participation in every phase of the development and reconsideration of EPA's MY 2022-2025 GHG standards further supports permitting intervention here. *See Synovus Fin. Corp. v. Bd. of Governors*, 952 F.2d 426, 433 (D.C. Cir. 1991) (noting that intervenor "fully participated in the proceedings" before the agency).

The Auto Alliance also meets the constitutional and prudential requirements for standing. *See Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 561-62 (1992). This Court has regularly permitted the Auto Alliance to participate as an intervenor in similar cases. *See, e.g.*, Order, *California v. EPA*, No. 08-1063 (D.C. Cir. filed Apr. 3, 2008) (intervention by Auto Alliance and others in support of EPA against challenge to Clean Air Act §209(b) waiver decision); *Public Citizen, Inc. v. NHTSA*, 374 F.3d 1251 (D.C. Cir. 2004) (intervention by Auto Alliance in support of NHTSA against challenge to crash-test regulation). Given the substantial interests that the Auto Alliance and its members have at stake here, the Court should grant the Auto Alliance leave to intervene in this proceeding as well.

## CONCLUSION

For the foregoing reasons, the Court should grant the Auto Alliance's motion to intervene.

          Respectfully submitted,

          <u>s/Paul D. Clement</u>
          PAUL D. CLEMENT
           *Counsel of Record*
          STUART DRAKE
          ERIN E. MURPHY
          C. HARKER RHODES IV
          KIRKLAND & ELLIS LLP
          655 Fifteenth Street, NW
          Washington, DC 20005
          (202) 879-5000
          paul.clement@kirkland.com

     *Counsel for the Alliance of Automobile Manufacturers*

May 25, 2018

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 15(c)(6) and 26.1, the Alliance of Automobile Manufacturers certifies that it is an I.R.C. Section 501(c)(6) not-for-profit trade association of car and light truck manufacturers whose members include the BMW Group, Fiat Chrysler Automobiles, Ford Motor Company, General Motors Company, Jaguar Land Rover, Mazda, Mercedes-Benz USA, Mitsubishi Motors, Porsche, Toyota, Volkswagen Group of America and Volvo Car USA.  The Auto Alliance operates for the purpose of promoting the general commercial, professional, legislative, and other common interests of its members.  The Auto Alliance does not have any outstanding shares or debt securities in the hands of the public, nor does it have a parent company.  No publicly held company has a 10% or greater ownership interest in the Auto Alliance.

# CERTIFICATE AS TO PARTIES

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), the Auto Alliance submits this certificate of persons who are currently parties, intervenors, or amici:

Petitioners in No. 18-1114: State of California, by and through its Governor Edmund G. Brown Jr., Attorney General Xavier Becerra and California Air Resources Board; State of Connecticut; State of Delaware; District of Columbia; State of Illinois; State of Iowa; State of Maine; State of Maryland; Commonwealth of Massachusetts; State of Minnesota, by and through its Minnesota Pollution Control Agency and Minnesota Department of Transportation; State of New Jersey; State of New York; State of Oregon; Commonwealth of Pennsylvania, by and through its Department of Environmental Protection and Attorney General Josh Shapiro; State of Rhode Island; State of Vermont; Commonwealth of Virginia; State of Washington.

Petitioner in No. 18-1118: National Coalition for Advanced Transportation.

Petitioners in No. 18-1139: Center for Biological Diversity; Conservation Law Foundation; Environmental Defense Fund; Natural Resources Defense Council; Public Citizen, Inc.; Sierra Club; Union of Concerned Scientists.

Respondent in Nos. 18-1114, 18-1118, and 18-1139: Environmental Protection Agency.

Respondent in No. 18-1114: E. Scott Pruitt, as Administrator of the Environmental Protection Agency.

Proposed Intervenor in Nos. 18-1114, 18-1118, and 18-1139: Alliance of Automobile Manufacturers.

Amici Curiae in Nos. 18-1114, 18-1118, and 18-1139: None.

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,438 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

May 25, 2018

s/Paul D. Clement
Paul D. Clement

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement<br>
Paul D. Clement